```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**TRAVELERS CASUALTY AND SURETY**                           **CIVIL ACTION**
**COMPANY OF AMERICA**

**VERSUS**                                                  **NO. 14-2251**

**HAMMERMAN & GAINER, INC.**                                **SECTION "B"(3)**

### ORDER AND REASONS

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Defendant's, Hammerman & Gainer, Inc., "Motion to Stay Discovery and to Continue Scheduling Conference" (Rec. Doc. 11), which requests that the Court enter an order staying discovery in this matter during the pendency of related criminal proceedings in the United States District Court for the Southern District of Texas. Plaintiff, Travelers Casualty and Surety Company of America, opposes the motion. (Rec. Doc.14). Defendant has filed a reply. (Rec. Doc. 18). For the reasons that follow, **IT IS ORDERED** that the Motion is **DENIED.**

**II. FACTS AND PROCEDURAL HISTORY**

Plaintiff initiated this action seeking to recover $2,000,000 paid by Travelers to its insured, GRD Holding I Corporation, for loss sustained by GRD's subsidiary, Garden Rise. (Rec. Doc. 14 at 4). Plaintiff alleges Defendant's deficient performance under a Claims Service Agreement with Garden Ridge caused the loss. (Rec. Doc. 4). A related criminal

1

prosecution is presently pending in the Southern District of Texas, wherein Natalie Jeng, an employee of HGI, and Sandra Johnson, an employee of Garden Ridge, have been indicted for conspiring to funnel fraudulent claims through HGI's third-party administration process without detection by HGI. (See Rec. Doc. 14 at 4; *United States v. Sandra Johnson, et al.*, No. H-14-251-S (S.Dt. Tex. Jun 19, 2014)). The Court initially set this matter for a Scheduling Conference on March 26, 2015. On the eve of that conference,[1] Defendant filed the instant motion requesting continuance of the scheduling conference and further requesting stay of discovery pending resolution of the pending criminal prosecution.[2]

**III. CONTENTIONS OF MOVANT**

Defendant argues in favor of staying discovery on two primary grounds. First, Defendant argues HGI provided "all records" concerning the criminal matter to the United States Attorney's Office in connection with its investigation and those records have not yet been returned to HGI, "presumably because the criminal proceeding is still pending." (Rec. Doc. 11-4 at 2). Defendant argues in its motion that sentencing for the

---

[1] Defense counsel is warned that the Court entertained the prospect of issuing an order to show cause why sanctions should not be imposed for failure to file this motion in a more timely fashion.

[2] Defendant notes that all defendants in the criminal case have pled guilty and remain merely to be sentenced. (See Rec. Doc. 11 at 2).

defendants in that matter was scheduled for May 11, 2015, and therefore, requests a stay of all discovery until May 25, 2015.[3]

Second, Defendant notes that an item was recently filed under seal in the criminal matter. Defendant argues it is impossible to tell at this juncture what that item might be, but suggests that it could contain "proffers made by the defendants at the time of their guilty pleas, or pre-sentencing reports." (Rec. Doc. 11-4 at 3). According to Defendant, "[e]ither would be highly relevant in any discovery to be conducted in this action." *Id.*

**IV. CONTENTIONS OF OPPONENTS**

Plaintiff argues Defendant has failed to show "good cause" as required for the Court to stay discovery in this case. Rather, Plaintiff argues, the parties should resolve the instant discovery dispute by the traditional methods prescribed under the Federal Rules of Civil Procedure.[4] Plaintiff further contends the requested stay is unlikely to achieve the results alleged by Defendant.

First, Plaintiff notes that the sentencing of one of the criminal defendants was recently continued to June 15, 2015.

---

[3] Defendant suggests that the two week delay following sentencing should afford time for the documents at issue to be released and the documents filed under seal to be made public.

[4] Specifically, Plaintiff should tender discovery, Defendant may then object, the parties would meet and confer, and, in the event of a failure to resolve the dispute, Plaintiff would file a motion to compel, allowing Magistrate Judge Shushan to rule on the merits of Defendant's objections.

(Rec. Doc. 14 at 2). Because continuances are common in criminal proceedings, Plaintiff argues a continuance until resolution of the related proceedings would unduly deprive Plaintiff of its entitlement to reasonably prompt determination of the merits of its claims. (Rec. Doc. 14 at 2).

Second, Plaintiff argues resolution of the criminal proceedings is unlikely to result in the sealed record entries becoming unsealed and further that, in the event such entries reflect pre-sentencing reports, such items are infrequently approved for disclosure to the public or civil litigants.

Third, Plaintiff argues Defendant has made no showing that the records furnished to the U.S. Attorney are inaccessible to it; either by establishing that it did not retain copies of such records or that the third-party electronic discovery consulting firm, Avansic, which served as an intermediary between Defendant and the U.S. Attorney, is unable to make those records accessible to Defendant for the instant litigation. (Rec. Doc. 14 at 2-3).

Finally, Plaintiff argues that the focus of discovery in the instant litigation is as to HGI's conduct in supervising its employees and performing its obligations under the Claims Service Agreement. (Rec. Doc. 14 at 6). Accordingly, Plaintiff argues Defendant fails to explain how it is necessary to await termination of the criminal prosecution of HGI Employees and

4

others in order for HGI to tender discovery relating to its own conduct. (Rec. Doc. 14 at 7).

Alternatively, if the Court grants the requested stay, Plaintiff requests the opportunity to immediately depose Avansic and HGI for the limited purpose of determining the extent to which relevant documents are unavailable.

**V. DISCUSSION**

"[A] district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 447, 479 (5th Cir. 1982). The entry of such a discretionary stay, however, is in error when it is "immoderate or of an indefinite duration." *Id; In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). In civil litigation, "there is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming this presumption." *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 397-98 (S.D. Tex. May 1, 2009); *Gonzalez v. Fresenius Med. Care North America*, 571 F. Supp. 2d 758 (S.D. Tex. Aug. 14, 2008). In the case of parallel criminal and civil proceedings, such a stay "contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *U.S. v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

Under the present circumstances, Defendant has failed to overcome the presumption favoring discovery in civil litigation. The mere fact of pending parallel criminal proceedings does not represent 'special circumstances' and Defendant has failed to articulate any degree of prejudice, let alone the 'substantial and irreparable prejudice' required for a stay of discovery in the instant proceedings. Moreover, the prospect of repeated continuances in criminal proceedings presents the potential for a stay of immoderate duration. Finally, Defendant has made no showing as to the likely relevance to the instant civil proceedings of the sealed entries in the criminal prosecution, nor that such entries would somehow become unsealed at the conclusion of those proceedings (or that Defendant would succeed in meeting the high standard required for unsealing pre-sentence investigation reports should the sealed items prove to be such). *See, e.g., U.S. v. Iqbal*, 684 F.3d 507, 510-11 (5th Cir. 2012)(recognizing that PSR confidentiality reflects "powerful policy considerations" supporting a presumption against disclosure, and requiring a showing of "compelling, particularized need for disclosure"). Accordingly, Defendant has entirely failed to establish that discovery in the instant civil proceedings should be stayed.

**VI. CONCLUSION**

In light of Defendant's failure to establish special circumstances and articulate specific anticipated prejudice to result from a failure to stay the instant proceedings pending resolution of related criminal proceedings, **IT IS ORDERED** that Defendant's Motion is **DENIED.**

**IT IS FURTHER ORDERED** that the parties are to contact the Court's case manager immediately for purposes of conducting a Scheduling Conference and to fix discovery deadlines consistent with this Order and Reasons. Should particularized discovery disputes arise, the Federal Rules of Civil Procedure provide the applicable process and remedy for resolution of same.

New Orleans, Louisiana, this 6th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE